PHILLIP A. TALBERT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>       v.<br><br>APPROXIMATELY $42,687.68 SEIZED FROM WELLS FARGO BANK ACCOUNT NUMBER 320-3742212,<br><br>APPROXIMATELY $1,840.42 SEIZED FROM WELLS FARGO BANK ACCOUNT NUMBER 517-7263489,<br><br>APPROXIMATELY $629.84 SEIZED FROM WELLS FARGO BANK ACCOUNT NUMBER 532-7107099,<br><br>APPROXIMATELY $143.04 SEIZED FROM WELLS FARGO BANK ACCOUNT NUMBER 530-4807349,<br><br>APPROXIMATELY $50.08 SEIZED FROM WELLS FARGO BANK ACCOUNT NUMBER 333-4403940, AND<br><br>APPROXIMATELY $16,566.00 IN U.S. CURRENCY,<br><br>             Defendants. | 2:20-MC-00301-WBS-CKD<br><br>CONSENT JUDGMENT OF FORFEITURE |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1.      On or about June 18, 2020, agents with the San Joaquin County Metropolitan Narcotics

1

Task Force ("METRO") seized the Approximately $42,687.68 from Wells Fargo Bank Account Number 320-3742212, Approximately $1,840.42 from Wells Fargo Bank Account Number 517-7263489, Approximately $629.84 from Wells Fargo Bank Account Number 532-7107099, Approximately $143.04 from Wells Fargo Bank Account Number 530-4807349, Approximately $50.08 from Wells Fargo Bank Account Number 333-4403940, and Approximately $16,566.00 in U.S. Currency (hereafter "defendant funds") pursuant to state search and seizure warrants.

2. The Federal Bureau of Investigation ("FBI") commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about September 16, 2020, FBI received claims from Pablo Salcedo Jr. ("Claimant Pablo") and Karina Salcedo ("Claimant Karina") (collectively, "Claimants") asserting an ownership interest in the defendant funds.

3. The United States represents that it could show at a forfeiture trial that in early May of 2020, agents with METRO were contacted by a confidential informant ("CI") regarding the CI being approached for a future drug purchase. The CI advised that the CI met a father and son, Luis 'Nicolas' Serrano ("Nicolas") and Luis Angel Serrano ("Serrano"), in Stockton, California who were looking to purchase several kilograms of cocaine. A price of $25,000 per kilogram was negotiated and a date was set for the three to meet at a hotel on Kingsley Road in Stockton, California. On June 11, 2020, METRO agents set up surveillance at Nicolas's residence on Granada Drive in Stockton and observed a blue Infiniti SUV arrive at Nicolas's residence and let out a passenger who carried a weighted brown paper bag into the residence. The Infiniti then departed.

4. The United States represents that it could further show at a forfeiture trial that in a recorded phone call that day, the CI arranged to sell seven kilograms of cocaine to Nicolas for $175,000. Law enforcement provided the CI with an audio monitoring device and packages of a white powdery substance that resembled kilograms of cocaine. Law enforcement followed Serrano's in their Honda Civic from Granada Drive in Stockton to the meeting location with the CI.

5. The United States represents that it could further show at a forfeiture trial that over the wire, law enforcement heard Nicolas inform the CI that he had the money at his home to purchase the seven kilograms of cocaine, but he would not bring the money to the meeting location because he

wanted the CI to bring the cocaine to his home to complete the transaction.  The CI declined this location change without first seeing the money.  The Serrano's then got back into their Honda Civic and left.  Surveillance followed the vehicle back to Nicolas's residence where they were observed entering the residence then exiting the residence carrying a cardboard box, which they placed in the trunk of the Honda Civic.  Nicolas then called the CI in a monitored phone call and gave the CI an ultimatum saying he would return the funds to his sponsor if the sale did not take place at his home.  After this phone call, the Serrano's then drove to an address on Willow Park Way in Stockton.  The Serrano's walked to the front door, knocked on the door, and then law enforcement stopped and detained them.  Once detained, a probation search was conducted of the Honda Civic and $107,885 in cash was located inside a brown paper bag with paper handles in the cardboard box in the trunk of the car.  This appeared to be the same paper bag law enforcement observed the passenger of the blue Infiniti take inside Nicolas' house earlier that day.  Nicolas is subject to unlimited search and seizure probation.

6. The United States represents that it could further show at a forfeiture trial that after being read their *Miranda* rights, both Serrano and Nicolas denied attempting to purchase cocaine, denied knowing anything about the $107,885 in cash in the car, and denied knowing who's house they were detained in front of.  Nicolas and Serrano then both signed disclaimers of ownership regarding the cash.  Serrano then changed his denial and verbally claimed ownership of the cash.

7. The United States represents that it could further show at a forfeiture trial that later that day, METRO agents executed a probation search warrant at Nicolas's residence.  They found 93 growing marijuana plants and 54 marijuana plant clones.

8. The United States represents that it could further show at a forfeiture trial that on June 18, 2020, law enforcement executed a search warrant at the Claimants' residence.  Law enforcement walked through the residence and observed the blue Infiniti in the garage.

9. The United States represents that it could further show at a forfeiture trial that law enforcement searched the residence and seized the two firearms, a bulk amount of ammunition, and $16,566.00 in U.S. Currency from various places throughout the master bedroom.  While collecting these funds, law enforcement observed brightly colored money bands on the top of their dresser.  These were

3
Consent Judgment of Forfeiture

the same type of money bands used to bind the $107,855 seized on June 11, 2020, during the buy/bust of the seven kilograms of cocaine.

10. The United States represents that it could further show at a forfeiture trial that during the seizure of the cash from the master bedroom and after learning of the Wells Fargo bank accounts, law enforcement provided Claimant Pablo with a disclaimer of ownership to sign and an asset questionnaire for Claimant Karina to fill out. Law enforcement then obtained a state seizure warrant for all of the bank accounts related to Claimants held at Wells Fargo Bank.

11. The United States represents that it could further show at a forfeiture trial that law enforcement arrested Claimant Pablo. Luis Serrano, Luis Angel Serrano, and Pablo Hinosa Salcedo Jr. were charged with Conspiracy to Commit a Crime in violation of Penal Code 182(a)(1) in relation to Possession of Controlled Substances for Sale in violation of Health and Safety Code 11351 in the Superior Court for San Joaquin County, Case No. [CR-2020-0007650]. Luis Serrano and Luis Angel Serrano were charged with several other drug related violations. The case is pending with a Further Pretrial Conference scheduled for February 25, 2022.

12. The United States represents that it could further show at a forfeiture trial that the defendant funds are forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

13. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

14. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant assets were seized.

15. The United States and Claimants (collectively, the "Parties") agreed that this Court has jurisdiction over the defendant funds in this matter. The Parties further agreed that the United States alleged sufficient facts to support a statutory basis for the forfeiture of the defendant funds; and, if taken as true, those allegations set out above are sufficient to support the United States' claim for forfeiture of the defendant funds.

16. Notwithstanding Paragraphs 13-15 above, the Parties agreed that nothing contained above is intended or should be interpreted as an admission of fault, guilt, liability, and/or any form of wrongdoing by Claimants, each of which expressly denies any fault, guilt, liability, and/or any form of

wrongdoing whatsoever.

17. The Parties agreed that each entered into the Stipulation for Consent Judgment of Forfeiture for the purpose of reaching an amicable resolution and compromise of this matter.  Claimants acknowledged that they are the sole owners of the defendant funds, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant funds, Claimants shall hold harmless and indemnify the United States, as set forth below.

18. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, the following defendant funds, together with any interest that may have accrued on the total amounts seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law:

    a. Approximately $1,840.42 seized from Wells Fargo Bank Account Number 517-7263489, and

    b. Approximately $16,566.00 in U.S. Currency.

3. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, the following defendant funds shall be returned to Claimant Karina Salcedo through her attorneys Melissa Dougherty and Trina Cervantes:

    a. Approximately $42,687.68 seized from Wells Fargo Bank Account Number 320-3742212,

    b. Approximately $629.84 seized from Wells Fargo Bank Account Number 532-7107099,

    c. Approximately $143.04 seized from Wells Fargo Bank Account Number 530-4807349, and

    d. Approximately $50.08 seized from Wells Fargo Bank Account Number 333-4403940.

4.	The United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the seizures or forfeiture of the defendant funds.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizures or forfeiture, as well as to those now known or disclosed.  Claimants waived the provisions of California Civil Code § 1542.

5.	No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6.	All parties will bear their own costs and attorney's fees.

7.	Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant funds.

IT IS SO ORDERED

Dated:  February 28, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE